## United States Court of Appeals

### For the First Circuit

David T. Veale, et al.,

v.

Robert T. Furness, et al.

2012 AUG 15 P 12: 14

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

Civil Action No. 12-1439

## APPELLANTS' OBJECTION TO

## MOTION FOR SUMMARY DISPOSITION

**Now Comes**, your *pro se* Plaintiffs/Appellants, David and Scott Veale, and objects to the motion for summary disposition, on the following grounds:

1. This case arises from a series of claims against the defendants who committed among other state law claims of negligence, fraud, and malpractice, but include conspiracy contrary to 42 U.S.C. 1985(3) to discriminate against appellants and interfere with their civil rights to deprive them of the equal protection of the laws and property without due process contrary to 18 U.S.C. 241, and 242, that was motivated by group animus and hatred toward the appellants because of who they are and their false reputations and related legal history received from lawsuits filed in the 1980's, 1990's and 2000's, **SEE** other related cases filed in this Court since 1992 at 92-2401 and 2402, 98-1765, 99-1231, 1372, 2209, and 2348, 02-1489, and 03-2109. **SEE** also other related cases now pending on appeal in this Court at 11-1710, and 12-1866, and also include claims of other federal crimes contrary to 1961 *et seq.*, to commit honest services fraud, wire fraud, mail fraud, and credit card fraud, through a pattern of wrongful acts and schemes to defraud appellants from obtaining any honest veterinary medical services from any of the defendants relating to their deceased pets "Leasha" in 2003, **SEE** related case filed in this Court at 07-2808, and "Elsie", between 2006-2007, in order to retaliate and wrongfully cover up each ones wrongful acts of negligence and malpractice and to wrongfully deprive appellants of their deceased pets Leasha and Elsie and cause them to incur thousands of dollars in medical expenses while trying to treat and save Elsie from dying.

2. One substantial issue raised on appeal is whether the lower district court has repeatedly abused its discretion when it did not recuse itself due to bias and has refused to assume the truthfulness of any of the appellants' material allegations contained in any of their prior complaints and amended complaints filed in court, including the other related cases, and abused their discretion when they did not construe them in favor of the appellants, when it found the appellants "do not plausibly allege that the defendants' conspiracy was motivated by any racial or otherwise class-based animus.", and dismissed this case for the reasons used. Memorandum Order at 9.

3. Likewise, another substantial issue raised on appeal is whether the lower district court erred when it determined that the complaint or amended complaints did not allege "racketeering activity," by failing to see how "the actions alleged in the complaint and amended complaints could plausibly constitute a single instance of racketeering activity,

1

let alone make out a pattern of such activity.", and dismissed the case for the reasons used. Memorandum Order at 10.

4. Likewise, another substantial issue on appeal is whether the lower district court abused its' discretion when it declined to exercise supplemental jurisdiction over the remaining state claims under 28 U.S.C. 1367(a) and dismissed the case for the reasons used.

5. In addition, appellants aver that there are additional substantial issues raised in this appeal that were outlined in Paragraph-3 of appellants' Motion to proceed in *forma pauperis* status filed in this appeal on May 3, 2012, that include: (1) whether the lower district court abused its' discretion when it delayed 7 months between September, 2009 and April, 2010 to rule on and grant appellants' Motion for Leave to file this case for the reasons used, and (2) whether the lower court abused its' discretion when denying Plaintiffs' Motion to Proceed in Forma Pauperis and waiver of costs of service, in order to avoid making an initial review of this case pursuant to LR 4.3(d) (1) (B) for the reasons used, and (3) whether the lower court abused its' discretion when it did not render an order addressing the sufficiency of the complaint and jurisdiction prior to commencing service on all defendants to avoid any unnecessary delay and court costs and expenses, for the reasons used, and (4) whether the lower court abused its' discretion when it declined to enter default against defendant Windham Veterinary (doc. – 94) for the reasons used, and (5) whether the lower court abused its' discretion when denying on 2/1/2012 Plaintiffs' Motion for Extension of Time (doc. - 96) filed on 9/26/2011 to obtain counsel and file additional further responsive pleadings to Defendants' Motion to Dismiss, and conduct limited discovery, and to further amend their complaint for the reasons used, and (6) whether the Plaintiffs' Complaint (doc. – 1) and further Amended Complaints (docs. – 11 and 124) states a viable cause of action where relief can be granted and whether the lower court erred when denying all other motions and requests for injunctions when dismissing this case without addressing the amended complaints and new evidence submitted 10/3/2011 and 2/16/2012, for the reasons used.

6. Based on these issues raised in this appeal, and other related appeals, appellants' appeal clearly demonstrates that several substantial questions are presented for review. Accordingly, this appeal should not be dismissed pursuant to Local Rule 27.0(c).

**Wherefore,** Appellants respectfully requests the Honorable Court deny Appelees' Motion for Summary Disposition and grant appellants an additional 30-day extension of time to file their Brief in this case to include September 24, 2012, and grant such other and further relief as the Court deems equitable and just.

August 13, 2012                                           Respectfully submitted,

David T. Veale, Pro se  *[signature]*         Scott W. Veale, Pro se  *[signature]*

PO Box 1482, Brattleboro, VT 05302        P.O. Box, 1886, Hillsboro, NH 03244

I hereby certify a copy of the foregoing Objection was mailed on this date, postage prepaid, to all defense counsels of record.

*[signature]*
Scott Veale

ott W. Veale
O Box 1886,
llsboro, NH
03244-1886

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

2012 AUG 15 P 12: 40

USMS SCREENED

Clerk of Court
U.S. Court of Appeals
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2500,
Boston, MA 02210

02210$3024